## UNITED STATES DISTRICT COURT
## SOUTHER DISTRICT OF NEW YORK

| | |
|---|---|
| JON BORGESE,<br>Individually and as Guardian of L.B., and on Behalf of All Others Similarly Situated,<br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>BABY BREZZA ENTERPRISES LLC, THE BETESH GROUP and THE BETESH GROUP HOLDING CORPORATION, INC,<br><br>　　　　　　　　　Defendants. | Case No.: 1:20-cv-1180<br><br><br><br><br>Jury Trial Demanded |

　　　　Plaintiff Jon Borgese by his attorneys Belluck & Fox, LLP bring this action individually and on behalf of a class of persons defined below, against Defendants Baby Brezza Enterprises LLC (hereinafter "Baby Brezza"), The Betesh Group and the Betesh Holding Corporation, Inc., (hereinafter collectively, "Defendants") and allege the following with knowledge as to his own acts, and upon information and belief as to all other acts:

### SUMMARY OF THIS CLASS ACTION
### TO RECOVER FOR DEFENDANTS' VIOLATIONS

　　　　1.　　Baby Brezza manufactures and sells an automatic mixing machine that claims to automatically prepare baby formula. These machines have and continue to be marketed as the Baby Brezza Formula Pro and Formula Pro Advanced (hereinafter collectively "Formula Pro machines" or "machines").



2.      The machines are marketed as automatically mixing the "perfect" amount of baby formula and water. Upon information and belief, Baby Brezza has sold thousands, if not tens of thousands, of Formula Pro machines.

3.      Despite selling and marketing these machines as being able to mix appropriate amounts of water and formula for infants, Formula Pro and Formula Pro Advanced do not perform

as marketed. These machines routinely mix less formula than required. As a result, the Plaintiff's child and other children have received poor nutrition while being fed formula that was mixed by the Formula Pro and Formula Pro Advanced, leading to associated complications and injuries.

4.     Upon information and belief, Baby Brezza has been aware of these complaints for years but continued to market these unsafe machines in a manner that misrepresented their ability to safely and properly mix formula. The company has received numerous complaints over the years about these mixing problems and has failed to notify purchasers of the machines, recall the defective machines, or take other steps to protect the innocent children whose parents were giving them formula mixed in the Baby Brezza machines.

## PARTIES

5.     Plaintiff Jon Borgese is and was a citizen of the County of New York, State of New York at all times relevant to this action. On July 19th, 2019, Plaintiff purchased a Baby Brezza from retailer Buy Buy Baby for $199.99. The Plaintiff began using the machine on or before November 1, 2019. By November 26, 2019, the Plaintiff noticed that his daughter was not receiving enough nutrition from the formula being mixed by the Baby Brezza. Plaintiff notified Baby Brezza on November 26th, 2019 of the problem with the machine.

6.     Defendant Baby Brezza sells and markets the Formula Pro machines. The machines are patented under U.S. Patent No. 8,584,901 and/or others. Baby Brezza is incorporated in New York and has its principal place of business in Newark, New Jersey. Baby Brezza does business nationwide, including substantial business in the State of New York. It is at home in New York and subject to general jurisdiction in this State.

7. Defendant The Betesh Group is the parent company and/or manager of Baby Brezza and is incorporated under the laws of New Jersey, with its principal place of business in New Jersey. Its headquarters is at the same address in Newark, New Jersey as the headquarters of Baby Brezza. The Betesh Group does business nationwide, including substantial business in the State of New York.

8. Defendant The Betesh Group Holding Corporation is the parent entity of The Betesh Group and Baby Brezza and is incorporated under the laws of New York, with its principal place of business in New York. The Betesh Group Holding Corporation does business nationwide, including substantial business in the State of New York. It is at home in New York and subject to general jurisdiction in this State.

9. At all relevant times, each Defendant acted in all aspects as the agent, manager, conduit, and alter ego of each other.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this class action pursuant to 28 U.S.C. §1332 (the "Class Action Fairness Act"). This action meets the prerequisites of the Class Action Fairness Act because the aggregate claims of the Class exceed the sum or value of $5,000,000, the Class has more than 100 members, and diversity of citizenship exists between at least one member of the Class and Defendants.

11. This Court has general jurisdiction over Defendants. Defendants do business in New York through continuous, permanent, and substantial activity in New York.

12. This Court has personal jurisdiction over Defendants because Defendants conduct substantial business in New York and within this District. Defendants have sufficent minimum

contacts with New York and intentionally avail themselves of the consumers and markets within New York through the promotion and sale of their products.

13. Venue is proper in this district under 28 U.S.C. §1391 because Plaintiff resides in the District and because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

14. Venue is proper because the Plaintiff resides in the County and because a substantial part of the events giving rise to Plaintiff's claims occurred in this County.

## FACTUAL ALLEGATIONS

15. Baby Brezza manufactures and sells an automatic mixing machine to automatically prepare baby formula. These machines were and are marketed as the Baby Brezza Formula Pro and Formula Pro Advanced. The machines are marketed as automatically mixing the "perfect" amount of baby formula and water:

> "Patented mixing technology automatically mixes formula and water to perfect consistency."

Despite selling and marketing these machines as being able to mix the "perfect" amounts of water and formula for infants, Formula Pro and Formula Pro Advanced do not perform as marketed. These machines routinely mix less formula than required and needed for proper nutritional value. As a result, the Plaintiff's child and other children have received poor nutrition. Plaintiff's child lost weight while being fed formula from Baby Brezza's machine and as a result required medical visits. Upon information and belief, Baby Brezza has been aware of these complaints for years but continued to market these unsafe machines in a manner that misrepresented their ability to safely and properly mix formula. The company has received numerous complaints over the years

about these mixing problems and has failed to notify purchasers of the machines, recall the defective machines or take other steps to protect the innocent children being given formula mixed in the Baby Brezza. As a result, children received watered down formula and excessive amounts of water, leading to insufficient nutritional value and resulting physical and/or mental complications, injuries, as well as medical expenses.

## CLASS ACTION ALLEGATIONS

16. Plaintiffs bring this action on behalf of themselves and a Class defined as follows: all purchasers in the United States who have purchased a Baby Brezza Formula Pro or Formula Pro Advanced.

17. Excluded from the Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants, and the Judge(s) to whom this case is assigned, their judicial staffs, and any members or the Judges' immediate family.

18. The claims of Plaintiffs and the Class may properly be maintained as a class action against Defendants pursuant to the provisions of the Federal Rule of Civil Procedure 23.

19. Numerosity: The size of the Class is more than 100 individuals. The persons in the Class are so numerous that the joinder of all such persons is impracticable.

20. Typicality of the Claims: Plaintiffs are members of the Class. Their claims are typical of the claims of the Class and do not conflict with the interests of any other members of the Class. All members of the Class have been subject to and affected by the same or similar conduct.

21. Adequacy of Representation: Plaintiffs will fairly and adequately protect the interests of all Class members because it is in their best interest to vigorously prosecute the claims alleged herein and to obtain full compensation for the illegal conduct of while they complain. Plaintiffs have retained competent and experienced class action attorneys to represent their interests and those of the Class.

22. Common Questions of Law and Fact. Questions of law and fact are common to the Class and predominate over any questions affecting only individual members, and a class action will generate common answers to the questions below, which are apt to drive the resolution of this action:

    a. Whether Defendants were unjustly enriched by the sale of the products;

    b. Whether Defendants were negligent in selling the recalled products;

    c. Whether Defendants failed to warn consumers regarding the risks of the products;

    d. Whether Defendants breached implied warranties connected with the products;

    e. The appropriate nature of class-wide equitable relief; and

    f. The appropriate measurement of restitution and/or measure of damages to Plaintiffs and members of the Class.

23. Superiority: A class action is superior to all other available methods for resolving this controversy because (i) the prosecution of separate actions by Class members will create a risk of adjudications with respect to individual Class members that will, as a practical matter, be dispositive of the interests of the other Class members not parties to this action, or substantially

impair or impede their ability to protect their interests; (ii) the prosecution of separate actions by Class members will create a risk or inconsistent or varying adjudications with respect to individual Class members, which will establish incompatible standards for Defendants' conduct; (iii) Defendants have acted or refused to act on grounds generally applicable to all Class members; and (iv) questions of law and fact common to the Class predominate over any questions affecting only individual Class members.

24. Accordingly, this action satisfies the requirements set forth under Fed. R. Civ. P. 23(a) and 23(b).

## COUNT I

### STRICT LIABILITY-FAILURE TO WARN

25. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

26. Defendants manufactured, distributed, and/or sold the Formula Pro machines used by the Plaintiffs.

27. Defendants had sole access to information regarding the true risks associated with the products.

28. The products had potential risks that were known or knowable in light of the knowledge that was generally accepted in the scientific and medical community at the time of the manufacture, distribution, or sale of the products and in light of reports received and suppressed by Defendants.

29. Defendants failed to warn Plaintiffs and their physicians about the serious risk of using the Formula Pro machines. At the time Plaintiffs received their products, the Defendants

knew that the machines were defective in that they did not mix the appropriate amount of formula but they continued to market the machines as being able to mix the "perfect" amount of formula.

30. Rather than disclose the truth about the dangers of its products, the Defendants continued to market and sell the products.

31. The products were defective and unreasonably dangerous when they left defendant's possession because they did not contain adequate warnings.

32. The potential risks presented a substantial danger to Plaintiffs and ordinary consumers when used or maintained in an intended or reasonably foreseeable way.

33. Plaintiffs and ordinary consumers would have not recognized the potential for risks.

34. Defendants failed to adequately warn or instruct Plaintiff and the Class concerning the potential risks of the products.

35. It was foreseeable to Defendants that failure to adequately warn about the risks of its products could cause irreparable harm.

36. As a result of Defendants' failure to adequately warn, Plaintiffs were harmed as described herein including economic loss, physical pain and emotional distress. The concealment of information and lack of sufficient warnings to consumers were substantial factors in causing Plaintiffs' harm. If Plaintiffs had been provided with the appropriate warnings regarding the casual connection, they would never have purchased or used these products.

37. Defendants' breach of its duty to warn has caused Plaintiffs damages including the cost of the machine, medical expenses and other expenses.

## COUNT II

### STRICT LIABILITY-DEFECTIVE DESIGN

38. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

39. At the time these machines left Defendants' hands, they were in a condition that was not reasonably safe for their intended use and not reasonably contemplated by the ultimate consumer.

40. Defendants' machined were designed and/or manufactured in a manner that permitted insufficient formula to be regularly and routinely mixed.

41. A reasonable person would conclude that the utility of using these automatic formula mixing machines did not outweigh the risk of poor nutrition resulting from watered down formula fed to children, and that the machines should not have been marketed in this condition.

42. A number of safer, alternative designs were available for these machines that would have prevented against the mixing of insufficient levels of formula powder, including but not limited to, internal measuring wheel safeguards and checks, indicator lights, clumping prevention devices, humidity indicators, wider or sturdier stirring wheels, wider or longer or more angled powder-dispensing hole, sturdier silicone scraper.

43. The cost of such alternative designs could be spread to consumers by adding minimum cost to the price of the machines while ensuring the proper or adequate level of formula was mixed.

44. The Plaintiffs and Class Members were unaware of the design defect in the machine and were unable to determine this defect by visual inspection of the mixed formula, or otherwise.

45. It was foreseeable to Defendants that the defective design of its machines could cause irreparable harm.

46. As a result of Defendants' defective design, Plaintiffs were harmed as described herein including economic loss, physical pain and emotional distress.

47. The defective design of the machines was a substantial contributing factor to Plaintiffs injuries.

48. Defendants' defective design has caused Plaintiffs damages including the cost of the machine, medical expenses and other expenses.

## COUNT III

### NEGLIGENCE

49. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

50. Defendants had a duty to warn Plaintiffs and Class Members of any risks associated with the machines. Defendants negligently violated their duty to Plaintiffs and Class Members and their doctors.

51. Defendants' breach of duty caused Plaintiffs and Class members damages, including the costs of the machines and medical expenses

52. Plaintiffs and Class members would not have purchased, chosen, and/or paid for the products had they known of the warning and design defects and problems with the machines.

53. As a direct result of Defendants' breach of duty, Plaintiffs and the Class suffered damages in an amount to be determined at trial.

## COUNT IV

### NEGLIGENT FAILURE TO RECALL

54. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

55. Defendants have failed to recall the machines.

56. As a direct result of Defendants' breach of duty, Plaintiffs have suffered harm in an amount to be determined at trial.

## COUNT V

### COMMON LAW FRAUD

57. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

58. As discussed above, Defendants sold and distributed its machines to Plaintiffs and the Class despite those products being defective, receiving complaints about the products and actively suppressing information about the products including that they did not mix the right amount of formula.

59. In deciding to use Defendants' products, Plaintiffs and the Class reasonably relied on these misrepresentations to form the mistaken belief that Defendants' products were reasonably safe for their children.

60. Defendants' fraudulent conduct was knowing and intentional. The misrepresentations and omissions made by Defendants were intended to induce and actually induced Plaintiffs and Class Members to purchase and use the Defendants' products

61. Defendants' fraud caused damage to Plaintiffs and the Class, who are entitled to damages and other legal and equitable relief as a result.

- 13 -

62. Defendants' acts were done maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' rights and well-being to enrich Defendants. Defendants' conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount it to be determined according to proof.

## COUNT VI

### FRAUD BY CONCEALMENT

63. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

64. Plaintiffs bring this claim on their own behalf and on behalf of each member of the Class under the laws of New York State.

65. Defendants concealed material facts concerning the defects and risks associated with the Defendants' machines.

66. Defendants' material omissions and misrepresentations were intentional and were committed to protect Defendants' profits, avoid damages to Defendants' image, and to save Defendants' money, and Defendants did so at Plaintiffs' expense.

67. The information Defendants concealed was material because Plaintiffs and the Class would not have used their products had they been made aware of the substantial risk of malnutrition to their children or the defects in the product.

68. Defendants had a duty to disclose the material information they concealed because this information was known and accessible only to Defendants; Defendants had superior knowledge and access to the facts, and Defendants knew the facts were not known to, or reasonably discoverable by Plaintiffs. Defendants also had a duty to disclose because they made affirmative

misrepresentations which were misleading, deceptive, and incomplete without disclosure of the material information.

69. In deciding to use the Defendants' products, Plaintiffs and the Class reasonably relied on Defendants' misrepresentations and omissions to form the mistaken belief that that they were reasonably safe.

70. Defendants' fraud by concealment caused damage to Plaintiffs and the Class, who are entitled to damages and other legal and equitable relief as a result.

71. Defendants' acts were done maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of the Plaintiffs' rights and well-being to enrich Defendants. Defendants' conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

## COUNT VII

### UNJUST ENRICHMENT

72. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

73. Plaintiffs and the Class members conferred a tangible and material economic benefit upon Defendants by purchasing the Formula Pro and Formula Pro Advanced. Plaintiffs and the Class members would not have purchased, chosen and/or paid for these products had they known that they would be exposing their children to the risk of malnutrition..

74. Allowing Defendants to retain the economic benefits they received at the expense of Plaintiffs and the Class under these circumstances would result in Defendants being unjustly enriched at the expense of Plaintiffs and the Class, who have been tragically and unnecessarily exposed to the risk of developing a serious and deadly disease.

75. Defendants' retention of the benefits conferred upon them by Plaintiffs and the Class would be unjust and inequitable.

76. Plaintiffs and the Class suffered damages in an amount to be determined at trial.

## COUNT VIII

### BREACH OF THE IMPLIED WARRANTY OF MERCHANT ABILITY AND EXPRESS WARRANTY

77. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

78. By operations of law, Defendants impliedly warranted to Plaintiffs that the products they were purchasing were of merchantable quality and safe for their ordinary and intended use.

79. Defendants' expressly warranted that its' products were free from defects.

80. Defendants breached the implied warranty of merchantability in connection with the sale and distribution of the products. At the point of sale, the products – which appearing normal – contained latent flaws rendering them unsuitable and unsafe.

81. Had Plaintiffs known the products were unsafe for use, they would not have purchased them for their children.

82. Defendants have refused to provide appropriate warranty relief.

83. As a direct and proximate result of Defendants' breach of the express warranty and the implied warranty of merchantability, Plaintiffs have sustained damages in an amount to be determined at trial.

## COUNT IX

### NEW YORK GENERAL BUSINESS LAW § 349

84. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

85. New York's consumer fraud statue prohibits "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state." N.Y. GEN. BUS. LAW §349. This statute provides a private right of action.

86. Defendants' deceptive sale and distribution of its products and its efforts to suppress knowledge of the serious health risks associated with the products are consumer-oriented in that they are directed at members of the consuming public looking to purchase baby products. These deceptive acts and practices violate N.Y. GEN. BUS. LAW §349 by, *inter alia*:

  i. Engaging in a campaign of suppression that is likely to mislead a reasonable consumer acting reasonably under the circumstances by improperly labeling and reporting consumer health issues;

  ii. Selling and distributing defective products; and

  iii. Omitting material information by failing to inform consumers of the serious health risks associated their products.

87. The aforementioned acts are unfair, unconscionable, and deceptive and are contrary to the public policy of New York which aims to protect consumers.

88. As a direct and proximate result of Defendants' unfair and deceptive acts and practices, the Plaintiffs and the Class have suffered injury and monetary damages in an amount to be determined at the trial of this action.

## COUNT X

### NEW YORK GENERAL BUSINESS LAW § 350

89. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

90. New York General Business Law §350 declares unlawful "false advertising in the conduct of any business, trade or commerce …." The term false advertising includes "labeling, of a commodity, … if such advertising is misleading in a material respect." N.Y General Business Law §350-a(1). In determining whether advertising is misleading, the law takes into account not only representations made by statement, word, design, or any combination thereof, but also the "extent to which the advertising fails to reveal facts material in light of such representations…"

91. As set forth above, Defendants' conduct described herein violates New York General Business Law §350. Defendants, while engaged in conduct of business, trade and commerce, did attempt to directly and/or indirectly induce consumers to purchase the Baby Brezza Formula Pro and Formula Pro Advanced by its labeling and marketing. Defendants utilized false advertising which did not represent the true nature and quality of the products, but rather misled consumers into believing that the product was safe. This was materially misleading and materially deceiving to reasonable consumers at large acting reasonably under the circumstances.

92. Defendants' conduct caused and continues to cause injury to consumers, including Plaintiff and the Class, in that they were misled as described above.

93. Defendants knew or should have known that its practices were materially deceptive and misleading. Plaintiffs and the Class based their decision to purchase the products in substantial part on Defendants' labeling, advertisements, representations and omitted facts.

94. Based on the foregoing, Defendants have violated New York General Business Law §350, causing the Plaintiffs and the Class to sustain injuries in fact – the loss of monies paid for the Baby Brezza products.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs on their own behalf and on behalf of all other similarly situated persons, seek the following relief:

- A. Certification of this case as a class action pursuant to Rule 23;
- B. Designation of Plaintiffs as Representative of the Class and counsel of record as Class Counsel;
- C. An award of equitable and injunctive relief, including restitution, and disgorgement of profits;
- D. An award of damages, of at least $10,000,000 according to proof, to be paid by Defendants, to which Plaintiffs and Class members are entitled;
- E. Punitive damages;
- F. Pre-judgement interest and post-judgement interest;
- G. Reasonable attorneys' fees and costs of the action; and
- H. Such other relief as this Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs request trial by jury in this action of all issues so triable.

Dated: New York, New York
       February 11, 2020

Yours etc.,

**BELLUCK & FOX, LLP**
*Attorneys for Plaintiff*
546 Fifth Avenue, 5th Floor
New York, New York 10036
(212) 681-1575

By: _____
      Joseph W. Belluck, Esq.