

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/18/2021

April 23, 2020

**VIA EMAIL ONLY**
jbelluck@belluckfox.com
Joseph Belluck
Belluck & Fox
546 5th Avenue, 5th Floor
New York, NY 10036

      Re:    *Jon Borgese, et al. v. Baby Brezza Enterprises, LLC, et al.*
            **Docket No.:**    1:20-cv-01180
            **Venue:**    U.S. District Court – Southern District of New York
            **Our File No.:**    22633.00001

Dear Mr. Belluck:

      This office represents Defendants Baby Brezza Enterprises, LLC and The Betesh Group Holding Corporation, Inc. d/b/a The Betesh Group (hereinafter collectively "Baby Brezza") in the above-entitled matter. Pursuant to the Hon. Victor Marrero's Individual Practices Rule II.B., we submit this correspondence to advise you of our intention to file a Motion to Dismiss/Strike on the grounds outlined below. This submission exceeds Judge Marrero's three-page limit given the nature of this action, in which Plaintiff sues multiple defendants and seeks certification of a nationwide class, and the inclusion of ten causes of action in the Complaint.

**A.    DISMISSAL OF "BETESH GROUP" AND BETESH GROUP HOLDING CORPORATION, INC.**

      As a preliminary matter, please note that there is no separate legal entity known as "The Betesh Group" as it is a d/b/a name for the Betesh Group Holding Corporation. Moreover, The Betesh Group Holding Corporation, Inc. is not a parent entity of Baby Brezza Enterprises, Inc. and does not operate Baby Brezza Enterprises, Inc. Accordingly, we request that you voluntarily dismiss the named Defendants Betesh Group Holding Corporation and "The Betesh Group."

**B.    THE PRESENT ACTION DUPLICATES PLAINTIFF'S PRIOR NEW YORK STATE COURT ACTION AND IS BARRED BY THE FIRST-FILED RULE.**

      The first-filed rule is a well-settled principle in the Second Circuit, establishing that "[w]here there are two competing lawsuits, the first suit should have priority." *N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc.,* 599 F.3d 102, 112 (2d Cir. 2010) (*quoting D.H. Blair &*

200 Campus Drive • Florham Park, NJ 07932 • p 973.624.0800 • f 973.624.0808
One Gateway Center • Suite 2600 • Newark, NJ 07102

Carolyn F. O'Connor • Regional Managing Partner, New Jersey

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris

wilsonelser.com

2942594v.2


*Co. v. Gottdiener,* 462 F.3d 95, 106 (2d Cir. 2006)); *see also First City Nat'l Bank and Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989); *Burke v. Bimbo, Bakeries USA, Inc.*, No. 5:19-CV-902 (MAD/ATB), 2019 U.S. Dist. LEXIS 198263 at *3-4 (N.D.N.Y. November 15, 2019). The parties and issues must be substantially similar for the rule to apply to bar the second duplicative action. *Regions Bank v. Wieder & Mastroianni, P.C.*, 170 F. Supp. 2d 436, 441 (S.D.N.Y. 2001); *Castillo v. Taco Bell of Am., LLC*, 960 F. Supp. 2d 401, 404 (E.D.N.Y. 2013). "The court considers whether the lawsuits at issue assert the same rights, and seek relief based upon the same facts." *Castillo*, 960 F. Supp. 2d at 404.

Plaintiff's present putative class action here should be barred because it is duplicative of his prior action filed in the Supreme Court of New York - New County, Docket No.: 151470/2020 on February 10, 2020. The federal Complaint asserts the same claims and seeks the same relief based upon the same factual allegations. The only substantive change from the prior action is that Plaintiff now seeks certification of a nationwide class of purchasers as opposed to those residing only in New York. However, Plaintiff's nationwide class allegations must be stricken under *Fed. R. Civ. P.* 23(d)(1)(D) because the face of the Complaint demonstrates that Plaintiff – the only named party/class representative in the present action and a New York resident – cannot meet the predominance requirement under Rule 23(b)(3) to represent the claims of all purchasers nationwide under the various laws of their home states. Under New York's conflict of law principles, the laws of the home states of the putative class members, not the named Plaintiff, apply to their claims for consumer fraud/protection, breach of warranty, and other related claims. *See Langan v. Johnson & Johnson Consumer Cos.*, 897 F.3d 88, 96-97 (2nd Cir. 2018); *see also Daniel v. Tootsie Roll Indus., LLC,* No. 17-CV-7541 (NRB), 2018 U.S. Dist. LEXIS 129143 at *38 (S.D.N.Y. August 1, 2018).

The court in *Langan* made clear that a district court must undertake the requisite analysis of the variations in state law and the potential need for subclasses that might result from those variations. *Id*. at 98. In the present case, a conflict of law analysis addressing the variations in the laws between New York and any other state(s) cannot even be undertaken because the Complaint fails to identify any other potential state's law as Plaintiff is the only named Plaintiff and proposed class representative. In short, Plaintiff's own allegations demonstrate that it is impossible for Plaintiff to certify the national class. Accordingly, Plaintiff's nationwide class allegations must be stricken, rendering the present action a duplicate of the prior state court action, limiting the proposed class to all purchasers in New York, and therefore barring this action by the first-filed rule.

C.   **PLAINTIFF'S CLASS ALLEGATIONS MUST BE STRICKEN AS THEY ARE PREMISED UPON INDIVIDUALIZED PRODUCT FAILURE AND PERSONAL INJURIES PRECLUDING CERTIFICATION AS A MATTER OF LAW.**

Plaintiff's Complaint makes clear that his various claims, whether characterized as fraud/consumer protection or product liability, are fundamentally premised upon individualized proof of product failure and damages precluding certification. Plaintiff alleges that the Baby Brezza Formula Pro and its subsequent model Formula Pro Advanced improperly mixed baby formulas with water producing "watered down" bottles resulting in improper nutritional value and personal injuries without addressing proper use or maintenance of the machine. In addition to refunds, Plaintiff seeks recovery of medical expenses and "other expenses" on behalf of the


putative class. It is well-settled that class treatment for such highly individualized claims is entirely inappropriate. *See In re Canon Cameras*, 237 F.R.D. 357, 360 (S.D.N.Y. 2006) ("the malfunctions may have been caused by any of a variety of factors-many of which, such as customer misuse of the camera, would not result in manufacturer liability under any theory-and that determination of the actual cause of a particular malfunction would require highly individualized fact-finding"); *see also Feinstein v. Firestone Tire & Rubber Co.*, 535 F. Supp. 595, 603-04 (S.D.N.Y. 1982); *In re Rezulin Prods. Liab. Litig.*, 210 F.R.D. 61, 66 (S.D.N.Y. 2002) (denying class certification where "an assessment of specific causation … necessarily dissolves into a myriad of individualized causation inquiries").

### D. PLAINTIFF'S CLASS ALLEGATIONS MUST BE STRICKEN BECAUSE THE PROPOSED CLASS CONSISTS OF MEMBERS WHO LACK STANDING.

Plaintiff's Complaint defines the proposed class broadly as "all purchasers in the United States who purchased a Baby Brezza Formula Pro or Formula Pro Advanced" without identifying any loss/injury sustained by such absent class members. "The filing of suit as a class action does not relax this jurisdictional requirement," because "[t]o establish Article III standing, the 'plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Calvo v. City of New York,* No. 14-CV-7246 (VEC), 2017 U.S. Dist. LEXIS 154669 at *5 (S.D.N.Y. September 21, 2017) (*citing Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). "Ultimately, the Article III standing inquiry must be examined through the prism of the class definition, and, in this Circuit, a class cannot be certified if any person captured within that definition lacks Article III standing." *Id.* at *7.

In the present case, Plaintiff seeks refunds and reimbursement of medical expenses arising from alleged failure of the machine to make properly mixed bottles. However, the proposed class includes persons who merely purchased the products and do not claim any purported defect or resultant injury. The proposed class definition inherently includes class members without standing because the class includes purchasers who purchased the machine and did not sustain any alleged failure, let alone the alleged damages.

It should be noted that of the 463 reviews on Amazon.com for the Formula Pro Advanced, as of the writing of this letter, 72% are top-level five-star reviews, and another 7% are four-star reviews, presumably all without any alleged failure, injury or damages.

### E. PLAINTIFF CANNOT PURSUE INJUNCTIVE RELIEF AS HE DOES NOT ALLEGE ANY FUTURE HARM.

Plaintiff seeks unspecified injunctive relief but the Complaint is devoid of any allegations of alleged future harm that would warrant such relief. Notably, Plaintiff does not allege that he intends to purchase and/or use the machine in the future. It is well settled that a plaintiff lacks standing to seek injunctive relief where he is "unable to establish a real or immediate threat of injury." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016); *see also Daniel,* 2018 U.S. Dist. LEXIS 129143 at *15-18.



- 4 -

F. **PLAINTIFF'S UNDERLYING CLAIMS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(b)(6).**

1. **Negligent Failure to Recall**: We are not aware of any reported opinion or other legal authority under New York law recognizing an independent cause of action for "negligent failure to recall."

2. **Unjust Enrichment**: Plaintiff's claim for unjust enrichment is duplicative of his remaining claims under other theories of liability, is premised upon the same factual allegations, and seeks the same relief. It is well settled that unjust enrichment is not an independent theory of liability where duplicative of other remedies. *Tyman v. Pfizer*, No. 16-CV-06941 (LTS/BCM), 2017 U.S. Dist. LEXIS 212879 at *49-50 (S.D.N.Y. December 27, 2017) (citing *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790, 967 N.E.2d 1177, 944 N.Y.S.2d 732 (2012)).

3. **Strict Liability and Negligence**: The economic loss rule bars Plaintiff's reliance on tort theories such as strict liability and negligence to seek recovery of the value of the product, i.e., refunds. *Hydro Investors, Inc. v. Trafalgar Power, Inc*., 227 F.3d 8, 14 (2d Cir. 2000) (*citing Schiavone Construction Co. v. Elgood Mayo Corp*., 56 N.Y.2d 667, 668-69, 451 N.Y.S.2d 720, 436 N.E.2d 1322 (1982)). Moreover, Plaintiff's claims do not specify the alleged defect and simply resort to conclusory allegations of an alleged product defect.

4. **Fraud and Fraud by Concealment:** Plaintiff alleges only generally that he relied upon Plaintiff's marketing that the machine made bottles of "perfect consistency" and that he purchased the machine on July 19, 2019 from retailer Buy Buy Baby. Plaintiff fails to specify when and where he saw the alleged representation and/or whether he relied upon the representation in allegedly purchasing the machine, whether his alleged purchase was online or at a particular store, and whether he properly maintained and used the machine to support a viable claim for fraud. Significantly, a Baby Brezza Formula Pro Advanced is identified in Plaintiff's online baby gift registry at Buy Buy Baby, illustrating that an individual other than Plaintiff may have purchased the machine as a gift for Plaintiff. It is well settled that Rule 9(b) requires particularity when pleading fraud or mistake. *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009). To comply with Rule 9(b), a complaint must set forth the who, what, when, where and how of the alleged fraud. *U.S. ex rel. Polansky v. Pfizer, Inc.*, No. 04 Civ. 704, 2009 U.S. Dist. LEXIS 43438 at *11 (E.D.N.Y. May 22, 2009). "Mere conclusory allegations of fraudulent or deceptive behavior are insufficient to satisfy Rule 9(b)." *Simon v. Castello*, 172 F.R.D. 103, 106 (S.D.N.Y. 1997).

5. **Breach of Express Warranty & Implied Warranty of Merchantability:** Plaintiff's claim for breach of express warranty, seeking a refund, medical expenses, and other relief, is barred by Baby Brezza's one-year limited express warranty, which is limited to repair, and at Baby Brezza's discretion, replacement. Under New York's UCC, a seller can limit its remedy to these options. *N.Y. U.C.C.* § 2-719(2); *see also Proto Constr. & Dev. Corp v. Superior Precast,* No. 99-CV-2851, 2002 U.S. Dist. LEXIS 10072 at *21 (E.D.N.Y. May 28, 2002). Moreover, Plaintiff cannot demonstrate that Baby Brezza breached its warranty because Plaintiff expressly declined any relief available under the warranty. In his email to Baby Brezza on November 26, 2019, Plaintiff made clear that he did not want a refund, let alone repair or replacement. He also did not provide proof of purchase despite Baby Brezza's request. Thus, Plaintiff fails to provide the requisite pre-suit notice of any alleged breach of express warranty.


Likewise, Plaintiff's claim for breach of implied warranty is barred to the extent that he seeks a refund given that he allegedly purchased the machine from a third-party retailer Buy Buy Baby rather than directly from Baby Brezza. *See Weisblum v. Prophase Labs, Inc*., 88 F. Supp. 3d 283, 296 (S.D.N.Y. 2015) ("[A]bsent any privity of contract between Plaintiff and Defendant, such claim cannot be sustained as a matter of law except to recover for personal injuries."). Plaintiff may not even be entitled to a refund if he in fact received the machine as a gift from his baby gift registry since he would not have paid for it in the first place. Finally, Plaintiff's claim is subject to dismissal because Plaintiff cannot demonstrate that the machine was not fit for the ordinary purpose for which it is to be used to support a claim for breach of the implied warranty of merchantability. *Szymczak v. Nissan N. Am., Inc.*, No. 10-cv-7493, 2011 U.S. Dist. LEXIS 153011 at *30 (S.D.N.Y. Dec. 16, 2011) (*citing Denny v. Ford Motor Co.*, 87 N.Y.2d 248, 258 (1995); *N.Y. U.C.C*. § 2-314(2)(c)). Such a warranty does not guarantee that the product will fill a buyer's every expectation" regardless of reasonableness. *Denny*, at 258 n.4. Thus, Plaintiff's allegations of "perfect consistency" and especially without any regard for proper maintenance and use of the machine in order to obtain a properly mixed bottle does not amount to an alleged breach as a matter of law.

6. **Violations of New York General Business Law § 349 for Deceptive Trade Practices and § 350 for False Advertisement**: Baby Brezza's representations of "perfect consistency" and "free from defects" are not objectively misleading as a matter of law to support a claim under §§ 349, 350. The New York Court of Appeals has adopted an "objective definition of misleading" under which the alleged act must be "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Daniel*, 2018 U.S. Dist. LEXIS 129143 at *30 (*citing Cohen v. JP Morgan Chase & Co*., 498 F.3d 111, 126 (2d Cir. 2007) and *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank,* 85 N.Y.2d 20, 26, 647 N.E.2d 741, 623 N.Y.S.2d 529 (1995)). Further, "[i]t is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Id*. at *31 (*citing Fink v. Time Warner Cable,* 714 F.3d 739, 741 (2d Cir. 2013)). In the present case, the marketing of the machine as well as the machine itself are accompanied by additional clarifying statements such as "[w]hen used properly," and an instruction manual for proper use including selecting the correct setting for the particular brand and type of formula to be used, daily washing and drying of the machine *every 4th bottle*, and monthly deep cleaning. Accordingly, Baby Brezza's representations would not mislead a reasonable consumer. Moreover, New York law would categorize a broad, general statement such as "perfect consistency" as inactionable commendatory "puffery" language, rather than a false representations of specific characteristic of the machine. *Fink v. Time Warner Cable*, 810 F. Supp. 2d 633, 644 (S.D.N.Y. 2011) (*citing Lipton v. Nature Co.*, 71 F.3d 464, 474 (2d Cir. 1995)). Accordingly, Plaintiff's claims under §§ 349, 350 fail as a matter of law.

For the reasons set forth above, Defendants Baby Brezza Enterprises, LLC and The Betesh Group Holding Corporation, Inc. d/b/a The Betesh Group are entitled to dismissal of Plaintiff's Complaint in its entirety. In accordance with Judge Marrero's Individual Practices, Plaintiff's written response to this correspondence is due within seven days to allow for pre-filing resolution. Thank you for your continued courtesies.



- 6 -

Very truly yours,

Wilson Elser Moskowitz Edelman & Dicker LLP

*s/Carolyn F. O'Connor*
Carolyn F. O'Connor (*application for pro hac vice admission* to be submitted)
Suna Lee (*application for pro hac vice admission* to be submitted)

H. Michael O'Brien
Gregg Tatarka
Wilson Elser Moskowitz Edelman and Dicker LLP
1133 Westchester Avenue
White Plains, NY 10604
michael.obrien@wilsonelser.com
gregg.tatarka@wilsonelser.com

CFO/sl

cc: Honorable Victor Marrero, U.S.D.J.
United States District Court
Southern District of New York
200 Pearl Street
New York, New York 10007
ChambersNYSDMarrero@nysd.uscourts.gov.

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by

Defendants.

**SO ORDERED.**

2/18/2021
DATE

VICTOR MARRERO, U.S.D.J.

---

2942594v.2